UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

EVE SILBERBERG; JENNIFER REBECCA WHITE;
AND MICHAEL EMPEROR,

                                Plaintiffs,

           -against-

BOARD OF ELECTIONS OF THE STATE OF NEW
YORK, CO-CHAIRS PETER S. KOSINSKI AND
DOUGLAS A. KELLNER, COMMISSIONERS
ANDREW J. SPANO AND GREGORY P. PETERSON;
BOARD OF ELECTIONS OF THE CITY OF NEW
YORK, PRESIDENT MARIA R. GUASTELLA,
SECRETARY FREDERIC M. UMANE, AND
COMMISSIONERS JOSE MIGUEL ARAUJO, JOHN
FLATEAU, PH.D., LISA GREY, MICHAEL MICHEL,
MICHAEL A. RENDINO, ALAN SCHULKIN, SIMON
SHAMOUN, ROSANNA VARGAS; NEW YORK
COUNTY DISTRICT ATTORNEY'S OFFICE,
DISTRICT ATTORNEY CYRUS VANCE; KINGS
COUNTY DISTRICT ATTORNEY'S OFFICE,
DISTRICT ATTORNEY ERIC GONZALEZ,

                                Defendants.

------------------------------------------------------------------------ x

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

**Docket No.**


## PREMLIMINARY STATEMENT

1.    This is an action in which Plaintiffs seek an injunction and a declaratory judgment to prevent a violation of their rights to free expression and free speech, secured by 42 U.S.C. §§ 1983, 1985 and 1988, the First Amendment to the United States Constitution, and Article I § 8 of the Constitution of the State of New York.

2.    Plaintiffs wish to be free from the infringement of their right to free speech and free expression.  However, they are prevented from engaging in political expression and speech, to

wit, to photograph their filled out ballot and share it with others, because state law criminalizes such conduct and considers it a violation of the elective franchise under N.Y. Elec. Law § 17-130(10).

3.     Similar laws in three states (Michigan, Indiana and New Hampshire) have been challenged and struck down by federal courts for being unconstitutional.

## JURISDICTION

4.     This action is brought pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Pendent party jurisdiction and supplementary jurisdiction over Plaintiffs' state law claims are asserted.

## VENUE

5.     Venue is laid within the United States District Court for the Southern District of New York in that defendants are located within its boundaries and that some of the unlawfully prevented expression occurs within the boundaries of the Southern District of New York.

## PARTIES

6.     Plaintiff Eve Silberberg is a resident and registered voter in the County of New York, in the City and State of New York.

7.     Plaintiff Jennifer Rebecca White is a resident and registered voter in the County of Kings, the City and State of New York.

8.     Plaintiff Michael Emperor is a resident and registered voter in the County of Kings, the City and State of New York.

9.     The New York State Board of Elections ("NYSBOE") Defendants are Commissioners and/or Co-Chairs of the NYSBOE. As such, they have the power to investigate violations of the election law pursuant to N.Y. Elec. Law § 3-102(3); appoint a special investigator with the authority to investigate any violations of the election law; and procure warrants of arrest and

cause to be taken into custody the person or persons named in such process pursuant to N.Y. Elec. Law § 3-107.

10.     The New York City Board of Elections ("NYCBOE") Defendants are Commissioners of the NYCBOE.  As such, they each individually and as a body have the power to issue subpoenas and conduct an examination for any violation of the "elective franchise" pursuant to N.Y. Elec. Law § 3-218.

11.     The New York County and Kings County District Attorney ("DA") Defendants are charged with conducting prosecutions of all crimes and offenses cognizable by the courts in the county from which the District Attorney was elected or appointed. N.Y. County Law § 700.

12.     Each Defendant is sued in his or her official capacity.

## FACTUAL ALLEGATIONS

13.     Taking a photograph of a filled out ballot and publishing the photograph on social media – known as "ballot selfies" – has become a common manner of political expression.

14.     "Ballot selfies" have become popular throughout the United States as a way for voters to publicize their political opinions.  Media outlets have noticed this trend and are calling ballot selfies "a thing".[1]

15.     Each election year, New Yorkers use social media, such as Twitter, Instagram, Facebook, to express their political opinions.  Many voters in New York post photographs of their completed election ballots on social media pages and feeds.  However, after voters receive comments from friends and family that posting such photographs is an illegal activity, voters delete the political expressive conduct from their feed or page.

---

[1] *See e.g.* The Daytona Beach News Journal September 29, 2016  http://www.news-journalonline.com/news/20160929/lane-ballot-selfies-both-thing---and-illegal-in-florida; KGWN Cheyenne http://www.kgwn.tv/content/news/Ballot-selfies-discouraged-in-Wyoming-398266871.html

16.     Indeed, many media outlets this election season have published guides revealing the states where ballot selfies are legal and "illegal".[2]

17.     New York state law prohibits ballot selfies.  N.Y. Elec. Law § 17-130(10) provides that it is a misdemeanor for a person to show his or her ballot to anyone after it is filled out.

18.     In New York, such misdemeanors are punishable by fines of up to $1,000 and by up to one year of imprisonment.

19.     Valerie Vasquez, a spokesperson for the NYCBOE, recently stated that "it's actually a misdemeanor to photograph your marked ballot."[3]

20.     Ken Connolly, a spokesperson for the NYSBOE was asked: "So can you take a 'ballot selfie' showing who you voted for or not?"  He replied:

> If they want to take a picture of their ballot that's where it gets unclear as far as there being consensus of whether or not that constitutes a violation of Election Law. The problem is that, the law that's actually on the books says it's a misdemeanor. If our enforcement unit thinks you posted a selfie with a marked ballot, they could choose to enforce that law against you. It's safer to err on the side of caution.[4]

21.     Plaintiffs are registered voters in New York who wish to take ballot selfies when they vote on November 8, 2016.  Each Plaintiff herein is chilled and estopped from publishing their filled in ballot by the Election Law.

22. Since there are only 13 days until the General Election, this motion has been brought by order to show cause and no prior request has been made for the relief requested herein.

---

[2] *See e.g.*  http://www.pbs.org/newshour/rundown/posting-ballot-selfies-legal/;
http://abcnews.go.com/US/wireStory/ballot-selfies-allowed-42995941;
https://www.washingtonpost.com/national/ballot-selfies-a-look-at-where-they-are-allowed-or-not/2016/10/23/c7538a66-9913-11e6-b552-b1f85e484086_story.html

[3] http://gothamist.com/2016/04/19/can_u_instagramtweetselfiesnap_the_vote.php

[4] Id.

## THE CHALLENGED PORTION OF THE STATUTE

23.     Article 17 of the Election Law of the State of New York is entitled "Violations of the Elective Franchise."

24.     NY Elec. Law § 17-130 provides in relevant part: "Any person who . . . (10) Shows his ballot after it is prepared for voting, to any person so as to reveal the contents . . . is guilty of a misdemeanor."

## PRELIMINARY INJUNCTION STANDARD

25.     A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied.  Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-153 (2d Cir. 2007).

## IRREPARABLE HARM – WHAT IS AT STAKE

26.     Taking a photograph of a filled out ballot is a powerful political statement that demonstrates the importance of voting.  Without the photograph, the message loses its power.

27.     A photograph of a ballot can convey the sense of pride a new citizen or a young person feels in voting for the first time.

28.     The photograph can convey a message of strong support for a particular candidate, including a third-party candidate or a write-in candidate.

29.     The photograph can convey a message of disappointment in the candidates on the ballot when a person writes in an alternative candidate (or something nonsensical like a pet name) as a public protest of the candidates, parties, or system.

30.     In this particular presidential election, the two major party candidates both have strong New York ties.  The candidates are also known to be the least popular nominees from their respective parties ever.  Therefore, this year it is especially important that New Yorkers be able to exercise their right to free political expression by publishing their ballots.

31.     "The loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury."  Elrod v. Burns, 427 U.S. 347, 373 (1976).  There is "universal agreement" that discussion of the First Amendment protects free discussion of governmental affairs.  Mills v. State of Alabama, 384 U.S. 214, 218 (1966).

32.     The law, enforced by Defendants, places a direct restriction on speech by criminalizing political speech.  The threat of prosecution and a potential prison sentence prevents New Yorkers from exercising their First Amendment rights.  This chilling effect constitutes an irreparable harm.  There being no adequate alternative remedy to protect Plaintiffs' First Amendment rights, we submit that the irreparable harm prong for a preliminary injunction is satisfied.

## LIKELIHOOD OF SUCCESS

33.     The First Amendment of the Constitution of the United States of America prohibits the promulgation of a law abridging freedom of speech.

34.     Photographs are a protected medium of expression.  Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston, 515 U.S. 557, 569 (1995).

35.     The Internet is a protected medium of communication. Reno v. Am. Civil Liberties Union, 521 U.S. 844 (1997).

36.     Government regulation of speech must be subjected to strict scrutiny when the regulation is content based.  Reed v. Town of Gilbert, Ariz., 135 S. Ct. 2218 (2015).

37.    Government regulation of speech is content-based if it applies to particular speech because of the topic discussed or the idea or message expressed. Id.

38.    Speech regulation of a specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter. Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819, 829 (1995).

39.    Photographs of unmarked ballots are not illegal. As Valerie Vasquez from the NYCBOE noted when asked if a person can take a photo or a "selfie" inside the voting booth: "[T]he ballot cannot be marked.  It's actually a misdemeanor to photograph your marked ballot."

40.    The New York law, like others that have recently been struck down as unconstitutional, "is plainly a content-based restriction on speech because it requires regulators to examine the content of the speech to determine whether it includes impermissible subject matter." Rideout v. Gardner, 123 F. Supp. 3d 218, 229 (D.N.H. 2015), aff'd, No. 15-2021, 2016 WL 5403593 (1st Cir. Sept. 28, 2016).

41.    Three federal district courts have ruled on state laws banning "ballot selfies". In each, the law was held unconstitutional.

42.    Last year, the United States District Court for the District of New Hampshire found that New Hampshire's ballot selfie law neither actually serves compelling state interests nor is it narrowly tailored to achieve those interests and therefore must fail strict scrutiny. Rideout, 123 F. Supp. 3d at 235. The decision was affirmed by the First Circuit Court of Appeals. Rideout v. Gardner, 2016 WL 5403593 (1st Cir. Sept. 28, 2016).

43.    The First Circuit elaborated that even if the statute was to be analyzed as a content neutral regulation subject only to intermediate scrutiny, it still could not pass constitutional muster. Rideout v. Gardner, 2016 WL 5403593, at 5 (1st Cir. Sept. 28, 2016).

Case 1:16-cv-08336-PKC   Document 1   Filed 10/26/16   Page 8 of 9

44.     In Indiana, the United States District Court for the Southern District of Indiana granted a preliminary injunction to plaintiffs who challenged the Indiana law against ballot selfies.  Like the New Hampshire court, the Indiana Court found that the ballot selfie law "embodies a content-based restriction on speech that cannot survive strict scrutiny because it neither serves compelling state interests nor is narrowly tailored to achieve those interests." <u>Indiana Civil Liberties Union Found. Inc. v. Indiana Sec'y of State</u>, 2015 WL 12030168 at 9 (S.D. Ind. 2015).

45.     Just yesterday, on October 25, 2016, the United States District Court for the Western District of Michigan issued a preliminary injunction against a Michigan law that prevented people from taking ballot selfies.  *See Crookston v. Johnson*, 16-CV-1109, ECF No. 18 (W.D. Michigan, J. Neff, Oct. 25, 2016).

46.     Since Plaintiffs will suffer irreparable harm and they have a great likelihood of success on the merits, injunctive and declaratory relief should be granted.

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.      In favor of Plaintiffs preliminarily enjoining Defendants from enforcing N.Y. Elec. Law § 17-130(10).

B.      In favor of Plaintiffs permanently enjoining defendants from enforcing N.Y. Elec. Law § 17-130(10).

C.      Enter a declaratory judgment that N.Y. Elec. Law § 17-130(10) violates the First Amendment to the United States Constitution.

D.      Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

E.      Granting such other and further relief as this Court deems just and proper.

DATED:      Brooklyn, New York
                October 26, 2016


TO: The Co-Chairs and Commissioners of the    Yours, etc.
New York State Board of Elections

The President and Commissioners of the New    LEO GLICKMAN
York City Board of Elections    AMY ROBINSON
    Stoll, Glickman & Bellina, LLP
The District Attorney of the County of    Attorneys for Plaintiffs
Manhattan    475 Atlantic Ave., 3rd Floor
    Brooklyn, NY  11217
The District Attorney of the County of Kings    (718) 852-3710
    lglickman@stollglickman.com